UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BYRON TARSHAE COWART,

v.                                              Case No.      8:00-cr-397-T-24EAJ
                                                              8:06-cv-15-T-24EAJ

UNITED STATES OF AMERICA.

_____/

## ORDER

On December 22, 2005, Defendant Byron Tarshae Cowart (Cowart) signed a motion

to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.

(Doc. cv-1; cr-66).  The motion was filed on January 4, 2006.

BACKGROUND

On January 24, 2001,  Cowart pled guilty to counts two and three the Indictment.

The Plea Agreement (Doc. cr-27, ¶ 1) reads:

> Count two charges the defendant with intentionally distributing crack
> cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) and 18
> U.S.C. §2.  Count three charges the defendant with possession with intent
> to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. §§
> 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

On June 5, 2001,  the Court sentenced Cowart  to 262 months incarceration "as to

each count two and three of the Indictment.  Such terms to run **CONCURRENT** with each

other." The undersigned district court judge signed the judgment on that day.  Cowart did

not appeal the conviction or sentence.

DISCUSSION

Because review "of the motion and the file and records of the case conclusively

show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

## Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final.  Cowart's conviction became final on June 15, 2002, when the time for filing a direct appeal had passed; thus, he had until June 16, 2003,  to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Cowart did not sign his motion to vacate until December 2005, and the motion to vacate is time-barred.

Cowart has not presented any exceptional circumstances for tolling the one-year

limitations period.

Accordingly, the Court orders:

That Cowart's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-66)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Cowart in the civil case and to close that case.

ORDERED at Tampa, Florida, on January 9, 2006.

SUSAN C. BUCKLEW
United States District Judge


AUSA:  Maria Chapa Lopez

Pro se: Byron Tarshae Cowart